**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **ERICA CRAWFORD** | **CIVIL ACTION** |
| **VERSUS** | **NO. 26-0099** |
| **DEMOND JOHNSON** | **SECTION "O"** |

## ORDER AND REASONS

When United States Postal Service ("USPS") letter carrier Erica Crawford, *pro se*, petitioned a state court for an order of protection against a supervisory USPS employee, Demond Johnson, Mr. Johnson removed the lawsuit to this Court, invoking the federal officer removal statute, 28 U.S.C. § 1442(a)(1). Before the Court is Defendant—Acting Customer Services Operations Manager ("CSOM")—Johnson's motion[1] to dismiss the case for lack of jurisdiction. The motion was noticed for submission on March 18, 2026, which made Ms. Crawford's response due on March 10, 2026. *See* LOCAL CIVIL RULE 7.5. Ms. Crawford, *pro se*, failed to file any response. So the Court considers the motion unopposed.[2]

The unopposed motion has merit. Because a removed state-court petition for protective order against a federal USPS supervisor for conduct within his official duties is an action barred by the doctrine of sovereign immunity, the motion will be GRANTED, and the case will be dismissed without prejudice for lack of subject matter jurisdiction.

---

[1] ECF No. 5.

[2] Counsel for Mr. Johnson has certified that all filings, including the motion to dismiss, were served upon Ms. Crawford by mail at her address in Slidell, Louisiana. *See, e.g.,* ECF Nos. 1 and 5.

## I.    BACKGROUND

While Ms. Crawford was performing her duties as a letter carrier at the USPS Central Carrier station on May 22, 2024, CSOM Johnson was performing duties there as Acting Manager of Customer Service in New Orleans, Louisiana.[3] CSOM Johnson had direct oversight of Ms. Crawford.[4] When Ms. Crawford planned to leave Central Carrier station to perform union duties at another USPS location, CSOM Johnson prepared a PS Form 7020 "Authorized Absence from Workroom Floor" for Crawford to take to her next location.[5] But Ms. Johnson became hostile, screamed at CSOM Johnson, refused to take the form, then called the USPS and metropolitan policy.[6]

That same day, Ms. Crawford filed a Petition for Protection from Stalking and Sexual Assault in Civil District Court for Orleans Parish in which she alleged that CSOM Johnson followed and harassed her and "blocked the exit door" to prevent her departure from the Central Carrier station.[7] Ms. Crawford requested a restraining order that would, among other things, prevent CSOM Johnson from entering this shared workplace.[8] Though Ms. Crawford failed to provide service information for CSOM Johnson and the state court initially denied her request for a restraining order, at a show-cause hearing on June 12, 2024, a protective order was entered against CSOM Johnson which prevented him from entering the Central Carrier station or interfering with Ms. Crawford's employment there. CSOM Johnson was

---

[3] ECF No. 5-3.
[4] *Id.*
[5] *Id.*
[6] *Id.*
[7] ECF No. 4-1.
[8] *Id.*

also assessed court costs.[9] Notably, the sheriff never served CSOM Johnson with the protective order or the order assessing costs, indicating that it "can't serve papers on federal property."[10]

When Ms. Crawford returned to civil district court in December 2025, she filed an amended petition for protective order in which she claimed that CSOM Johnson "held [her] against [her] will at her place of work"; inappropriately hugged and touched her; and violated the prior protective order by "coming to [her] workplace."[11] The state court denied a temporary restraining order but set the matter for an injunction hearing, which was continued at CSOM's Johnson's request.[12]

CSOM Johnson removed the case to this Court, invoking the federal officer removal statute, 28 U.S.C. § 1442(a)(1), given that Crawford's allegations against CSOM Johnson arise out of their common federal employment and all of CSOM's interactions with Crawford occurred within the scope of his federal employment and under color of his office as an Acting Customer Services Operations Manager for the United States Postal Service.[13] He now moves[14] to dismiss Ms. Crawford's civil action for lack of subject matter jurisdiction.

## II.   LAW AND ANALYSIS

Rule 12(b)(1) permits a party to raise the defense of lack of subject matter jurisdiction at any time. Fed. R. Civ. P. 12(b)(1), 12(h)(3). "Under Rule 12(b)(1), a

---

[9] *Id.*
[10] *Id.*
[11] *Id.*
[12] *Id.*
[13] ECF No. 1.
[14] ECF No. 5.

claim is 'properly dismissed for lack of subject-matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate' the claim." *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 668 F.3d 281, 286 (5th Cir. 2012) (quoting *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)). A court's determination that it lacks subject matter jurisdiction may be based on (1) the complaint; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the Court's resolution of disputed facts. *Id.* at 287 (citing *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)). The plaintiff bears the burden of proof that jurisdiction exists. *Id.* at 286 (citation omitted).

"The United States enjoys sovereign immunity from suit, meaning it cannot be sued without its consent." *Gonzalez v. United States*, 851 F.3d 538, 543 (5th Cir. 2017) (citing *United States v. Navajo Nation*, 537 U.S. 488, 502 (2003)). "[T]he existence of consent is a prerequisite for jurisdiction." *Navajo Nation*, 537 U.S. at 502. Given that "[t]he terms of the United States' consent to be sued in any court define that court's jurisdiction to entertain the suit[,]" absent an express waiver of sovereign immunity, the Court lacks jurisdiction over a suit against the United States. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994); *see also United States v. Mitchell*, 463 U.S. 206, 212 (1983); *Koehler v. United States*, 153 F.3d 263, 267 (5th Cir. 1998); *Gregory v. Mitchell*, 634 F.2d 199, 203 (5th Cir. 1981). Furthermore, such immunity extends to shield federal officials in their official capacities because "suits against federal officers in their official capacity are really suits against the government, and for these suits

4

to go forward, the government must waive its sovereign immunity." *See Smart v. Holder*, 368 F. App'x 591, 593 (5th Cir. 2010) (citations omitted); *see also Williamson v. U.S. Dep't of Agric.*, 815 F.2d 368, 378 (5th Cir. 1987).

Applying these principles to cases like the instant one, federal courts uniformly determine that a federal employee's suit seeking an equitable order of protection restraining a managerial co-worker is an official-capacity suit "against the official's office" when the defendant/federal officer "is acting within [his] authority." *Hendy v. Bellow*, 555 F. App'x 224, 226 (4th Cir. 2014) (citation omitted); *Gilmore v. Kernan*, No. 24-1438, 2025 WL 2105561, at *2 (E.D. La. July 28, 2025) (Papillion, J.); *Cui v. United States*, No. 22-470, 2022 WL 2664348 (E.D. La. July 9, 2022) (Africk, J.); *Simpkins v. Baluna*, No. 18-1540, 2019 WL 5626336 (W.D. La. Oct. 29, 2019) (Foote, J.); *Turner v. Scott*, No. 18-998, 2019 WL 3771751 (M.D. La. Aug. 9, 2019) (Jackson, J.). To be sure, "federal courts regularly dismiss [on sovereign immunity grounds] removed state court petitions for restraining orders . . . filed by federal employees, based on alleged misconduct in the workplace, to restrain the conduct of a co-worker at a federal office[.]" *See Perkins v. Dennis*, No. 16-2865, 2017 WL 1194180, at *2 (D. Md. Mar. 30, 2017) (collecting cases).[15] These cases squarely persuade.

Here, Ms. Crawford, *pro se*, sought a protection order and injunction that would preclude CSOM Johnson from working near Ms. Crawford at a shared USPS workplace and would thus interfere with USPS's function and management of its

---

[15] Furthermore, "[t]here is no indication that any law passed by Congress waived the USPS's sovereign immunity to allow a state court to issue a civil protection order that restricts a USPS employee's activity in the workplace." *See, e.g., Hargrave v. Hollyfield*, No. 21-266, 2022 WL 1174988, at *2 (S.D. Ohio Apr. 20, 2022).

employees.[16] It is undisputed that CSOM Johnson was acting within the scope of his duties as a USPS customer-service manager during his workplace interaction with Ms. Crawford.[17] The United States's sovereign immunity thus extends to shield CSOM Johnson from the claims asserted against him in the instant action and precludes the exercise of subject matter jurisdiction over Ms. Crawford's lawsuit, mandating dismissal. *See, e.g., Hendy*, 555 F. App'x at 225-27; *Gilmore*, 2025 WL 2105561, at *3; *Cui*, 2022 WL 2664348, at *4.

Accordingly, for the foregoing reasons,

**IT IS ORDERED** that Defendant's motion[18] to dismiss is **GRANTED**. Plaintiff's claims are hereby **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

New Orleans, Louisiana, this 11th day of May, 2026.

BRANDON S. LONG
UNITED STATES DISTRICT JUDGE

---

[16] *See* ECF Nos. 1-2, 5-2, 5-3, and 5-4.
[17] ECF Nos. 5-2, 5-3, 5-4.
[18] ECF No. 5.

6